UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

JIM BALL PONTIAC-BUICK-GMC, INC.

                              Plaintiff,

              -vs-                                    08-CV-761C

DHL EXPRESS (USA), INC., et al,

                              Defendants.

───────────────────────────────────────

APPEARANCES:                  HODGSON RUSS LLP (DANIEL C. OLIVERIO, ESQ.
                              and JOHN L. SINATRA, JR., ESQ., of Counsel),
                              Buffalo, New York, Attorneys for Plaintiff.

                              QUINN EMANUEL URQUHART & SULLIVAN, LLP
                              (RICHARD I. WERDER, JR., ESQ. and SARAH L.
                              HARTLEY, ESQ., of Counsel), New York, New York,
                              Attorneys for Defendants.

## BACKGROUND

    This action is before the court on plaintiff's renewed motion for summary

judgment (Item 53).  Plaintiff seeks to recover damages from defendants for the alleged

improper application of jet fuel surcharges for retail shipping services delivered by

ground transportation.[1]  The parties previously filed cross motions for partial summary

judgment regarding the interpretation of the contract at issue (Items 19, 20).  In a

Decision and Order filed May 7, 2010, the court denied the cross motions, finding an

ambiguity in the term "Air Express" (Item 33).

───────────────────────────

        [1]  The case was filed as a class action.  In a Decision and Order filed March 2, 2011, the court
denied the plaintiff's motion for class certification (Item 58).

**FACTS**

According to the amended complaint (Item 3), defendants, collectively referred to as "DHL," are a shipping company that transports packages for a fee by motor vehicle and airplane.  Plaintiff is an automobile dealership that used DHL for shipping services.  At all times relevant to the complaint, DHL offered "Next Day," "2nd Day," and "Ground" delivery service.  In its "U.S. Fees" document, DHL stated that "Air Express shipments" are assessed a jet fuel surcharge, while "Ground Shipments" are assessed a fuel surcharge indexed to the United States Department of Energy's diesel fuel index (Item 3, ¶¶ 35-41).  Plaintiff alleges that, pursuant to the contract documents, all shipments transported solely by ground transportation should be assessed the ground fuel surcharge, not the jet fuel surcharge (Item 3, ¶ 45).  Defendant contends that its "Air Express" services include "Next Day" and "2nd day" shipments and that such shipments are assessed a jet fuel surcharge even if the shipment is transported by ground transportation.  Plaintiff alleges that it was assessed jet fuel surcharges for packages that DHL shipped solely by ground transportation, in breach of the contract.

Plaintiff bases this renewed motion on "new evidence" which it received during discovery.  The new evidence includes 2005, 2006, and 2008 memoranda, e-mails, and PowerPoint presentations in which DHL's upper management instructed its sales force to explain to certain DHL customers that fuel surcharges were a "straight cost pass through," "only a Cost Pass Through," "nothing but a cost pass through," "a pure cost pass through," and/or "entirely a cost pass through"  (Item 54, Att. 3, p. 2).

Plaintiff also relies on the deposition of Hank Gibson, DHL's Vice President of

2

Strategy, in support of its motion.  *See* Item 54, Att. 13 (hereafter "Gibson Dep.").  Mr. Gibson was previously DHL's Vice President of Pricing and was responsible for setting DHL's fuel surcharge rates.  Mr. Gibson explained that the statements plaintiff relies upon were made to certain DHL customers who previously paid a discounted fuel surcharge according to the terms of their individual agreements with DHL.  Gibson Dep., pp. 21-22.  At the time, DHL sought to renegotiate those discounts to reflect the current market conditions.  The fuel surcharge is "an attempt to capture an unexpected variation in underlying fuel cost, not the total cost of fuel."  *Id.,* p. 17.  It was explained as a "cost pass through," reflecting changes in the cost of fuel and "not something that was just done on a whim."  Gibson Dep., p. 27.

## DISCUSSION

Summary judgment may be granted where it is shown that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003); *see also Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 85 (2d Cir. 2006) (noting that a court must draw all reasonable inferences in the non-movant's favor).  "A dispute about a genuine issue exists for summary judgment purposes where the evidence is such that a reasonable

jury could decide in the non-movant's favor." *Beyer v. County of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008).

Plaintiff argues that the new evidence "is capable of only one interpretation - that DHL's jet fuel surcharge applies only to "Air Express shipments," which are shipments that have traveled by air." (Item 54, Att. 3, p. 6).  It also contends that the court may reach this result by applying the doctrine of *contra proferentem,* construing any ambiguity against the drafter of the contract.

The court finds the proffer of additional evidence insufficient to sustain the plaintiff's burden on this renewed motion for summary judgment.  The references to fuel surcharges as a "cost pass through" do not establish that "Air Express" was intended to refer only to those packages which were transported by airplane or that jet fuel surcharges were to be applied only to packages transported by air.  DHL contends that it used the term "Air Express" to refer to its expedited delivery products, irrespective of the mode of transport, and assessed a jet fuel surcharge to those shipments.  It has presented evidence of the parties course of dealing and the custom in the industry in support of its position.  Plaintiff's "new evidence" is merely argument in favor of its position.

This dispute cannot be decided by the court as a matter of law.  As the terms of the contract are ambiguous and "the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the" trier of fact, and summary judgment is inappropriate.  *Hartford Accident & Indem. Co. v. Wesolowski*, 305 N.E.2d 907, 909 (N.Y.1973).  Additionally, resort to the doctrine of *contra*

4

*proferentem* is inappropriate.  Generally under New York law, "[w]here extrinsic evidence is conclusory or does not shed light upon the intent of the parties, a court may resort to the *contra proferentem* rule of contract construction and construe any ambiguities in the contract" against the drafter as a matter of law.  *Morgan Stanley Group Inc. v. New England Ins. Co.,* 225 F.3d 270, 279 (2d Cir. 2000).  However, "if extrinsic evidence is available but inconclusive," *id.* at 276, or it "raises a question of credibility or presents a choice among reasonable inferences," *id.* at 279 (quotation omitted), the ambiguity in question should be considered at trial, rather than applying the *contra proferentem* rule at the summary judgment stage.  *See also In re Prudential Lines Inc.,* 158 F.3d 65, 77 (2d Cir. 1998); *Schering Corp. v. Home Ins. Co.,* 712 F.2d 4, 10 n. 2 (2d Cir.1983) (holding that *contra proferentem* "is used only as a matter of last resort, after all aids to construction have been employed but have failed to resolve the ambiguities in the written instrument").

## CONCLUSION

Plaintiff's motion for summary judgment is denied.  The parties are directed to contact the court when discovery is complete to establish a further schedule.

So ordered.


_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:   4/7          , 2011
p:\pending\2008\08-761-2.mar2311