UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JIM BALL PONTIAC-BUICK-GMC, INC.

                              Plaintiff,

              -vs-                                    08-CV-761C

DHL EXPRESS (USA), INC., et al,

                              Defendants.

_____

APPEARANCES:                  HODGSON RUSS LLP (DANIEL C. OLIVERIO,
                              ESQ., JOSEPH V. SEDITA, ESQ., KEVIN M.
                              KEARNEY, ESQ., and JOHN L. SINATRA, ESQ., OF
                              COUNSEL), Buffalo, New York, Attorneys for Plaintiff.

                              QUINN EMANUAL URQUHART & SULLIVAN, LLP
                              (RICHARD I. WERDER, JR., ESQ., OF COUNSEL),
                              New York, New York (Attorneys for Plaintiff).

                              DECHERT LLP (JOSEPH F. DONLEY, ESQ.,
                              WILLIAM K. DODDS, ESQ., ANDREW S. WONG,
                              ESQ., CHRISTOPHER S. RUHLAND, ESQ., EDWIN
                              V. WOODSOME, ESQ., and WILLIAM W. OXLEY,
                              ESQ., OF COUNSEL), New York, New York,
                              Attorneys for Defendants.


## BACKGROUND

Presently before the court is plaintiff's renewed motion for class certification

(Item 78).  Plaintiff, on behalf of itself and others similarly situated, seeks to recover

damages from defendants for the alleged improper application of jet fuel surcharges for

retail shipping services delivered by ground transportation.  In a Decision and Order

dated May 7, 2010, the court denied the parties' cross motions for partial summary

judgment on liability, finding that the term "Air Express" in DHL's 2008 Rate Guide was

susceptible of more than one meaning (Item 33).  On March 2, 2011, the court denied

the plaintiff's initial motion for class certification (Item 58).  Thereafter, the court denied

the plaintiff's renewed motion for partial summary judgment (Item 61).  The renewed

motion to certify the class was filed on September 28, 2011 (Item 78).  Defendants filed

their response to the motion on October 22, 2011 (Item 79).  Plaintiff filed a reply

declaration on November 1, 2011 (Item 80).  The court declined to hear oral argument.

For the reasons that follow, the renewed motion to certify the class is denied.


**FACTS**

According to the amended complaint (Item 3), defendants, collectively referred

to as "DHL," are a shipping company that transports packages for a fee by motor

vehicle and airplane.  Plaintiff is an automobile dealership that has used DHL for

shipping services.  DHL offers "Next Day," "2nd Day," and "Ground" delivery service.  In

its "U.S. Fees" document, DHL states that "Air Express shipments" are assessed a jet

fuel surcharge, while "Ground Shipments" are assessed a fuel surcharge indexed to the

United States Department of Energy's diesel fuel index.  Regardless of the service

category, DHL reserves the right to transport each shipment as it chooses, whether by

air or ground.  At all times relevant to the complaint, the jet fuel surcharge has been

substantially higher than the ground fuel surcharge (Item 3, ¶¶ 35-43).

Plaintiff alleges that, pursuant to the contract, all shipments transported solely by

ground are subject to the ground fuel surcharge, not the jet fuel surcharge.  Plaintiff

further alleges that DHL often ships "Next Day" or "2nd day" shipments by ground

transportation where practicable.  However, plaintiff states that DHL applies the jet fuel

surcharge to these shipments in breach of the contract (Item 3, ¶¶ 45-48).

In its renewed motion for class certification, plaintiff proposes a putative class

consisting  of

> all individuals and entities who have, at any time from 2003 to the date of
> any class certification order, paid DHL a *jet fuel surcharge* for DHL Next
> Day or 2nd Day package deliveries within the United States that DHL
> transported *solely by ground transportation* pursuant to any DHL contract
> that permitted jet fuel surcharges solely on Air Express shipments; the
> class *excludes* customers who purchased DHL services through resellers,
> and excludes DHL customers with embedded or zero jet fuel surcharges;
> the class also *excludes* the judge, attorneys, consultants, and their
> respective staffs who are working on this case, DHL's employees, DHL's
> independent contractor delivery network, and federal, state, and local
> government entities.

(Item 78, Att. 3, p. 2).  In support of the motion, plaintiff has incorporated its prior

submissions and has submitted a letter dated October 10, 2008 from plaintiff's counsel

to DHL (Item 78, Att. 2, Exh. A), excerpts from the depositions of Hank Gibson and

Charles Boice (Item 78, Att. 2, Exhs. B, F), and a 51-jurisdiction survey of the law

relating to the use of extrinsic evidence in resolving contractual ambiguities (Item 78,

Att. 2, Exh. C).[1]


## DISCUSSION

In its renewed motion for class certification, plaintiff purports to narrow the

proposed class by excluding those customers who purchased DHL shipping services

through a reseller and customers with "embedded" or "zero" jet fuel surcharges.  In all

---

[1] Plaintiff advises the court that all jurisdictions comport with New York law and allow the
admission of extrinsic evidence to resolve ambiguities.

other respects, the proposed class is identical to the class proposed in the previous motion for class certification.

Pursuant to Rule 23(a), plaintiffs must demonstrate that four conditions have been met before a court will certify a class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed.R.Civ.P. 23(a); *Teamsters Local 445 Freight Div. v. Bombardier, Inc.,* 546 F.3d 196, 201–02 (2d Cir. 2008).  In addition, "Rule 23 contains an implicit requirement that the proposed class be precise, objective and presently ascertainable. Thus, a proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member." *Bakalar v. Vavra,* 237 F.R.D. 59, 64 (S.D.N.Y. 2006) (quoting *Burley v. City of New York,* 2005 WL 668789, at *8 (S.D.N.Y. March 23, 2005) (citations omitted)). Finally, the plaintiff must also demonstrate that a class action is maintainable under one of several different theories. Here, plaintiff argues that the class action is maintainable pursuant to Rule 23(b)(3), which requires a court to find (1) that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Fed.R.Civ.P.23(b)(3); *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010), *cert. denied,* 132 S.Ct. 368 (2011).  The plaintiff bears the burden of showing each of these elements by a preponderance of the

evidence. *Teamsters Local*, 546 F.3d at 202.

Plaintiff's new proposed class does not adequately address the court's previous concerns with regard to ascertainability and predominance.  "Class membership must be readily identifiable such that a court can determine who is in the class and bound by its ruling without engaging in numerous fact-intensive inquiries."  *Bakalar,* 237 F.R.D. at 64 (citing  *Fears v. Wilhelmina Model Agency, Inc.*, 2003 WL 21659373, at *2 (S.D.N.Y. July 15, 2003); *Daniels v. City of New York,* 198 F.R.D. 409, 414 (S.D.N.Y.2001)). Here, despite a narrowed proposed class definition, the court would nonetheless be forced to engage in individual inquiries regarding the class members satisfaction of a condition precedent to suit.

As stated in the court's previous decision on class certification (Item 58), DHL is a "motor carrier" pursuant to the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 13102(14); *see Cerdant, Inc. v. DHL Express (USA), Inc.,* 2010 WL 3397501, *5 (S.D.Ohio August 25, 2010).  The ICCTA provides in part that if a shipping customer wishes to contest charges originally or subsequently billed, it "must contest the original bill or subsequent bill within 180 days of receipt of the bill in order to have the right to contest such charges." 49 U.S.C. § 13710(a)(3)(B).  Plaintiff argues in its renewed motion that the 180-day period does not apply to actions brought in courts, only to matters before the Surface Transportation Board ("the Board').  However, the Board has stated that the 180-day rule applies to all billing errors and disputes, not simply matters before the Board.  *See Nat'l Assoc. Of Freight Transp. Consultants, Inc. - Petition for Declaratory Order,* 1997 WL 189658, *4-5 (S.T.B. April 9, 1997); *see also*

*Avery Dennison Corp. v. Conway Transp. Serv., Inc.*, 2006 WL 3350761, *4 (Ohio Ct. App. November 17, 2006) (a shipper loses any right to contest charges, whether before the Board, in court, or both, if it does not notify the carrier of its disagreement within 180 days of receiving the disputed bill, as required by ICCTA).  Under the terms of the statute, any DHL customer who failed to contest a bill within 180 days lacks standing to sue. *Cerdant,* 2010 WL 3397501, at *6.  To the extent that the proposed class definition does not limit the class to those DHL customers who complied with the 180-day notice provision, it is overbroad.  Additionally, as the court would be required to engage in individualized factual inquiries to determine those putative class members who complied with the 180-day requirement, the class is not ascertainable. *Cerdant,* 2010 WL 3397501, at *6 (class certification denied where class not limited to those customers who complied with 180-day provision).

Plaintiff further argues that the 180-day period is "*uniformly* and completely trumped" by a one-year notice provision found in the DHL waybill (Item 78, Att. 3, p. 9).  The waybill requires that a shipper contest an invoice within one year from the date DHL accepted the shipment and apparently provides a more generous time period in which the shipper must contest an invoice (Item 44, Att. 3, Exh. B).  However, the ICCTA provides that the transportation provided by a contract is subject to those rights and remedies provided by the ICCTA unless "the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part . . .." 49 U.S.C. § 14101(b)(1).  The language in the DHL waybill is not an express written waiver of any rights afforded by the ICCTA, particularly the 180-day provision.  Accordingly, the court does not read the waybill language as an abrogation of the 180-day time period.  Even

6

assuming that the one-year provision is controlling, the court would nonetheless be required to individually determine whether the class members satisfied the more liberal notice provision.  Such individual inquiries are inconsistent with class certification.  *See Fogarazzao v. Lehman Bros., Inc.,* 232 F.R.D. 176, 181 (S.D.N.Y. 2005); *Daniels v. City of New York,* 198 F.R.D. at 414.

Additionally, plaintiff contends that its attorney wrote to DHL before the case was filed and contested the allegedly improper jet fuel surcharges on behalf of all putative class members.  In a letter dated October 10, 2008, counsel for plaintiff wrote to Jon E. Olin, Esq., Senior Vice President, Secretary, and General Counsel for DHL, to notify DHL that plaintiff was being improperly assessed jet fuel surcharges on Next Day and 2nd Day  deliveries that were transported solely by ground transportation (Item 78, Att. 2, Exh. A).  The notice was purported to have been provided on behalf of plaintiff "and all other similarly-situated United States customers of DHL" and was provided without the waiver of "any rights or arguments about the applicability and/or effect of this notice, including the existence of any requirement therefor . . .." *Id.*[2]

Plaintiff relies on two cases in support of its argument that this letter to DHL provided notice of the claims of all putative class members.  In *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1336-37 (11th Cir. 1984), the contract of passage required that a notice of claim be filed within 185 days and a class action complaint was filed within that time period.   The court held that the filing of a timely class action

---

[2]  The letter of October 2008 provided notice to DHL of plaintiff's dispute regarding shipments that occurred within the previous 180 days, or those shipments invoiced from April 13, 2008 (Exh. 80, ¶ 6). Plaintiff concedes that it began to purchase its shipping from a reseller in April 2008, but states that it had at least six shipments whose invoices fell within the 180-day period.

7

complaint commenced the suit for all members of the class as subsequently determined, regardless of whether every member of the class was cognizant of the action, citing *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 550 (1974).  The *Kornberg* court thus found that the plaintiffs had satisfied the numerosity requirement and remanded the case for further consideration of the remaining factors.   Upon remand in *Kornberg,* the court decertified the class finding that only the named plaintiffs had given timely notice of their claims in accordance with the contract of passage such that joinder was not impracticable, and that the class action had not been shown to be a fair and efficient method of adjudication.  *Kornberg v. Carnival Cruise Lines, Inc.,* 1985 WL 69, *2 (S.D.Fla. June 17, 1985).  Plaintiff also relies on *Freeman v. Celebrity Cruises, Inc.,* 1994 WL 689809 (S.D.N.Y. December 8, 1994).   In *Freeman,* the defendants did not object to the certification of the class, but the court included passengers who had not filed a written notice of claim as required by the contract of passage.  It reasoned that, if the plaintiff was authorized to commence an action on behalf of all putative class members, the filing of its claim satisfied the contractual requirement on behalf of all putative members, relying on the Eleventh Circuit opinion in *Kornberg.*

This court declines to adopt the reasoning of the *Freeman* court as it appears to have extended the *Kornberg* analysis in an unwarranted fashion.  As noted above, upon remand in *Kornberg,* the district court decertified the class finding that only the named plaintiffs had given timely notice of their claims as required by the contract of passage.  While the case law on this issue is scant, the contractual notice requirement has been treated as a condition precedent to suit.  *See Donnelly v. Klosters Rederi A/S,*

1982 WL 574 (S.D. Fla. February 17, 1982) (motion to certify class denied where only named plaintiffs complied with notice provision) (citing *Anschul v. Sitmar Cruises, Inc.,* 67 F.R.D. 455 (N.D.Ill. 1974) (where only four passengers gave timely notice of claims, it was improbable that class would be so numerous that joinder would be impracticable)); *see also Mulligan v. Port Authority of New York and New Jersey,* 2002 WL 31233245, *1 (S.D.N.Y.  October 04, 2002) (class certification denied where each purported class member had not complied with New York statute requiring individual notice of claim).

In *Cerdant, Inc. v. DHL Express (USA), Inc.,* 2010 WL 3397501 (S.D.Ohio August 25, 2010), plaintiffs alleged that DHL charged customers for items it never delivered, by assessing shipping fees and fuel surcharges as soon as a shipping waybill was generated, regardless of whether the waybill was actually used to ship a package. They sought to certify a class consisting of all individuals and business who had been charged shipping fees and/or fuel surcharges by DHL for items that were never tendered to DHL for delivery.  Relying on its previous ruling that DHL was a "motor carrier" under the ICCTA, the court held that any shipping customer who failed to contest a bill within 180 days lacked standing to sue and that any proposed class must be limited to those DHL customers who complied with the 180-day notice provision of the ICCTA.  This court finds that, as in *Cerdant,* the proposed class in plaintiff's renewed motion for class certification includes DHL customers who failed to contest invoices in accordance with the ICCTA and is thus overbroad and unascertainable.

Finally, plaintiff argues that any notice period is subject to federal equitable tolling.  Equitable tolling is generally appropriate "where the plaintiff actively pursued

9

judicial remedies but filed a defective pleading during the specified time period," *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) (internal quotation marks omitted); where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, *see Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985); or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion, *see, e.g., Brown*, 287 F.3d at 60; *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991).  When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has "acted with reasonable diligence during the time period she seeks to have tolled," and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.  *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir. 2002)).

Here, plaintiff argues that all time limitations should be equitably tolled as to all putative class members because DHL's invoices did not reveal its fuel surcharge practice and customers had no way of knowing they were being billed for jet fuel surcharges on Next Day or 2nd Day shipments that traveled by ground transportation. Defendant states that the application of jet fuel surcharges for all Air Express shipments is a standard industry practice, and its rate guide and fee documents can be read to support that position.  Under the circumstances, it cannot be said that plaintiff acted with reasonable diligence as it could simply have asked, at any time, for a clarification or explanation of defendant's fuel surcharge policy.  Additionally, "[e]quitable tolling is

only appropriate in rare and exceptional circumstances...." *Paneccasio v. Unisource Worldwide, Inc.,* 532 F.3d 101, 112 (2d Cir. 2008).

Plaintiff's renewed class certification motion likewise does not adequately address the court's concern with predominance.  The predominance requirement under Rule 23(b)(3) is much more stringent than the commonality requirement under Rule 23(a) and requires that common questions be the focus of the litigation. *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 73 (E.D.N.Y. 2004).   Common questions of law and fact predominate when issues subject to generalized proof and applicable to the class as a whole predominate over, and are more substantial than, issues that are subject to individualized proof.  *See In re Visa Check/MasterMoney Antitrust Litig.,* 280 F.3d 124, 136 (2d Cir. 2001), *abrogated on other grounds by, In re IPO*, 471 F.3d 24 (2d Cir. 2006).

In its renewed motion, plaintiff admits that DHL shipments were governed by various contractual arrangements, not simply the standard rate guide and fee documents.  It is undisputed that some putative members of the class purchased shipping services over the internet, while some had individual agreements with DHL. Plaintiff states, however, that the application of the jet fuel surcharge to shipments that traveled by ground transportation was uniform as to all customers who paid a jet fuel surcharge and that differences in contracts or customer type are irrelevant.  The narrowed proposed class excludes those DHL customers who paid no surcharge or had their surcharge embedded in the total costs of the shipment.

While the application of the jet fuel surcharge was a common practice among

11

DHL customers regardless of the contract, proof of class members' claims would require individual analysis of the contracts at issue and a determination of whether the contracts were ambiguous and whether DHL breached the contract in its application of the jet fuel surcharge.  Plaintiff purchased its shipping services pursuant to DHL's standard rate guide, and the court previously found it ambiguous whether the term "Air Express" referred to a category of service or merely a mode of transportation.  The court must look to extrinsic evidence, including the course of dealing and the understanding of the parties, to resolve the ambiguity.

Courts have denied class certification where numerous individual inquiries were required to determine whether a breach of the contract could be found.  *See, e.g., Spagnola v. Chubb Corp.,* 264 F.R.D. 76, 98 (S.D.N.Y. 2010); *Pastor v. State Farm Mut. Auto. Ins. Co.,* 2005 WL 2453900 (N.D.Ill. September 30, 2005), *aff'd,* 487 F.3d 1042 (7th Cir. 2007); *Adams v. Kansas City Life Ins. Co.*, 192 F.R.D. 274 (W.D.Mo. 2000); *Sparano v. Southland Corp.*, 1996 WL 681273 (N.D.Ill. November 21, 1996). Here, class certification would require "mini trials" of the individual claims of all putative class members.  As such, issues subject to individual proof predominate over the common questions subject to class-wide proof.

Finally, certification of a nationwide class is sought.  To render certification of a proposed multi-state class action appropriate, plaintiff must credibly demonstrate through an extensive analysis of state law variances, that class certification does not present the court with "insuperable obstacles." *Adams,* 192 F.R.D. at 278 (quoting *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1017 (D.C.Cir. 1986), *cert. denied,* 482 U.S.

(1987).  The court previously ruled on a motion for summary judgment that "Air Express" as used in the defendant's standard rate guide is an ambiguous term, and it could not be determined as a matter of law whether the application of the jet fuel surcharge to shipments that traveled by ground transportation constituted a breach of contract.  In New York, where the terms of a contract are ambiguous and susceptible of more than one meaning, the court may consider evidence outside of the contract, including the parties' intent, as an aid to interpret the meaning of the language that the parties chose.  *See Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993).  Plaintiff has submitted a multi-jurisdictional review of the law and advises the court that all jurisdictions comport with New York and allow the admission of extrinsic evidence to resolve contractual ambiguities.   Here, however, the parties agree that other contractual arrangements were utilized in addition to the standard rate guide and the court would be forced to individually analyze the various agreements at issue.  Variations in state law with regard to contract interpretation, including the use of extrinsic evidence to determine ambiguity in the first instance, would overwhelm the common issues subject to generalized proof and defeat predominance.  *See In re U.S. Foodservice Inc. Pricing Litigation*, 2011 WL 6013551, *13 (D.Conn. November 29, 2011) (the need to rely on extrinsic evidence in a breach of contract claim weighs against class certification); *Sacred Heart Health Sys., Inc. v. Humana*, 601 F.3d 1159, 1176–77 (11th Cir. 2010) ("Even the most common of contractual questions—those arising, for example, from the alleged breach of a form contract—do not guarantee predominance if individualized extrinsic evidence bears heavily on the interpretation of the class members' agreements.").  Accordingly, the

13

court finds plaintiff has failed to establish that common issues predominate and that the

class action is the superior method for fairly and efficiently adjudicating this controversy.


### CONCLUSION

The renewed motion for class certification (Item 78) is denied.

So ordered.


                                            _____\s\ John T. Curtin
                                            JOHN T. CURTIN
                                            United States District Judge

Dated:   1/25            , 2012
p:\pending\2008\08-761.dec1411