UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JIM BALL PONTIAC-BUICK-GMC, INC.

                      Plaintiff,

           -vs-                          08-CV-761C

DHL EXPRESS (USA), INC., et al,

                      Defendants.
_____

APPEARANCES:               HODGSON RUSS LLP (DANIEL C. OLIVERIO, ESQ., JOSEPH V. SEDITA, ESQ., KEVIN M. KEARNEY, ESQ., and JOHN L. SINATRA, ESQ., OF COUNSEL), Buffalo, New York, Attorneys for Plaintiff.

                              QUINN EMANUAL URQUHART & SULLIVAN, LLP (RICHARD I. WERDER, JR., ESQ., OF COUNSEL), New York, New York (Attorneys for Plaintiff).

                              DECHERT LLP (JOSEPH F. DONLEY, ESQ., EDWIN V. WOODSOME, ESQ., and MICHAEL E. PLANELL, ESQ., OF COUNSEL), New York, New York, Attorneys for Defendants.

## BACKGROUND

Presently before the court is defendant's motion for partial summary judgment limiting plaintiff's damages (Item 90).  Plaintiff seeks to recover damages from defendants for the alleged improper application of jet fuel surcharges for retail shipping services delivered by ground transportation.

In a Decision and Order dated May 7, 2010, the court denied the parties' cross motions for partial summary judgment on liability, finding the contract  term "Air Express" in DHL's 2008 Rate Guide to be ambiguous (Item 33).  On March 2, 2011, the

court denied the plaintiff's initial motion for class certification (Item 58).  Thereafter, the

court denied the plaintiff's renewed motion for partial summary judgment (Item 61) and

renewed motion for class certification (Item 86).  The current motion (Item 90) was filed

on March 21, 2012 at the court's direction.  Plaintiff filed its response to the motion on

April 2, 2012 (Item 91).  Defendants filed a reply memorandum on April 18, 2012 (Item

92).  The court declined to hear oral argument.  For the reasons that follow, the motion

for partial summary judgment is granted.


## FACTS

The facts of this case have been well-documented in the previous motions and

are essentially undisputed.[1]  Defendants, collectively referred to as "DHL," are a

shipping company that transports packages for a fee.  DHL offers "Next Day," "2nd Day,"

and "Ground" delivery service.  In its "U.S. Fees" document, DHL states that "Air

Express shipments" are assessed a jet fuel surcharge, while "Ground Shipments" are

assessed a fuel surcharge indexed to the United States Department of Energy's diesel

fuel index (Item 20, Att. 3, Tab A, Exh. 1).

Prior to April 22, 2008, plaintiff was a retail shipping customer of DHL and used

its "Next Day" shipping service (Item 19, Att. 3, Exh. A).  All such shipments, even those

which traveled solely by ground transportation, were assessed a jet fuel surcharge.

The DHL waybill for "Next Day" or "2nd Day" shipments provides that, regardless of the

---

[1] Defendants rely solely on evidentiary submissions from the previous motions and have offered
no additional evidence in support of this motion.  Likewise, plaintiff has submitted no new evidence in
response to this motion.

service category, DHL reserves the right to transport each shipment as it chooses, whether by air, ground, or any other carrier (Item 19, Att. 3, Exh. A-1).

By April 22, 2008, plaintiff transferred its shipping business to Unishippers Global Logistics, LLC ("Unishippers"), a reseller of DHL shipping services (Item 20, Att. 3, Tab A, Exh. 5). After April 22, 2008, Unishippers invoiced plaintiff for its shipments and plaintiff paid Unishippers directly (Item 19, Att. 3, Exh. A-2).

According to DHL's reseller agreement with Unishippers, it was the right of Unishippers to determine the price of shipping services for its customers. Unishippers' pricing was independent of the prices charged by DHL to Unishippers (Item 20, Att. 3, Tab A, ¶ 14, Exh. 6).

In mid-2008, plaintiff stopped using any DHL shipping services from Unishippers or any other source (Item 19, Att. 3, Exh. A, ¶ 4). On October 10, 2008, plaintiff's counsel faxed a letter to the General Counsel of DHL. In that letter, plaintiff complained for the first time about DHL's practice of assessing a jet fuel surcharge on all Next Day shipments, even those transported solely by ground transportation (Item 20, Att. 3, Tab B, Exh. 3).

## DISCUSSION

In support of its motion for partial summary judgment, DHL argues that plaintiff may seek damages only for those shipments billed on or after April 13, 2008 and sent by plaintiff prior to April 22, 2008. As stated in the court's previous decisions on class certification (Items 58, 86), DHL is a "motor carrier" pursuant to the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 13102(14); *see*

3

*Cerdant, Inc. v. DHL Express (USA), Inc.,* 2010 WL 3397501, *5 (S.D.Ohio August 25, 2010).  The ICCTA provides in part that if a shipping customer wishes to contest charges originally or subsequently billed, it "must contest the original bill or subsequent bill within 180 days of receipt of the bill in order to have the right to contest such charges." 49 U.S.C. § 13710(a)(3)(B).  Here, plaintiff first complained of the billing practice on October 10, 2008.  Applying the 180-day rule, plaintiff has the right to contest only those fuel surcharges imposed in invoices it received from DHL on April 13, 2008 or later.  After April 22, 2008, plaintiff purchased its shipping services from Unishippers.

In response to the motion, plaintiff has reprised arguments that were rejected by this court in plaintiff's previous motions for class certification.  Plaintiff again argues that the 180-day period does not apply to actions brought in courts, only to matters before the Surface Transportation Board ("the Board').  However, the Board has stated that the 180-day rule applies to all billing errors and disputes, not simply matters before the Board.  *See Nat'l Assoc. Of Freight Transp. Consultants, Inc. - Petition for Declaratory Order,* 1997 WL 189658, *4-5 (S.T.B. April 9, 1997) (statute does not require that shipper contest the bill before the Board); *see also Avery Dennison Corp. v. Conway Transp. Serv., Inc.*, 2006 WL 3350761, *4 (Ohio Ct. App. November 17, 2006) (a shipper loses any right to contest charges, whether before the Board, in court, or both, if it does not notify the carrier of its disagreement within 180 days of receiving the disputed bill, as required by statute).  Under the terms of the statute, any DHL customer who failed to contest a bill within 180 days lacks standing to sue.  *Cerdant,* 2010 WL

4

3397501, at *6.

Plaintiff further argues that the 180-day period is "trumped" by a one-year notice provision found in the DHL waybill. The waybill provides that "claims for overcharges, credits and invoice charges must be made in writing to DHL within one (1) year after the date of acceptance of the shipment by DHL" (Item 19, Att. 3, Exh. A-1). However, the ICCTA provides that the transportation provided by a contract is subject to those rights and remedies provided by the ICCTA unless "the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part . . . ." 49 U.S.C. § 14101(b)(1). The language in the DHL waybill is not an express written waiver of any rights afforded by the ICCTA, particularly the 180-day provision. As the court reads the waybill language, it limits the time for claims made to DHL, but does not address the condition precedent to suit established by the statute. Accordingly, the court does not read the waybill language as overriding the 180-day time period.

Finally, plaintiff argues that any notice period is subject to federal equitable tolling. Equitable tolling is generally appropriate "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period," *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) (internal quotation marks omitted); where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, *see Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985); or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion, *see, e.g., Brown*, 287 F.3d at 60; *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991). When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the

5

equitable tolling doctrine (1) has "acted with reasonable diligence during the time period she seeks to have tolled," and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.  *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir. 2002)).  "Equitable tolling is only appropriate in rare and exceptional circumstances . . . ." *Paneccasio v. Unisource Worldwide, Inc.,* 532 F.3d 101, 112 (2d Cir. 2008).

Here, plaintiff argues that any time limitation should be equitably tolled because DHL's invoices did not reveal its fuel surcharge practice and plaintiff had no way of knowing it was being billed for jet fuel surcharges on Next Day shipments that traveled by ground transportation.  Defendant states that the application of jet fuel surcharges for all Air Express shipments is a standard industry practice, and its Rate Guide and fee documents can be read to support that position.  DHL's waybills, both Ground and Next Day/2nd Day, provided that the carrier reserved the right to transport packages by any means available, including air or ground transportation.  Under the circumstances, there is no equitable basis upon which to toll the 180-day notice period, as plaintiff could simply have asked, at any time, for a clarification or explanation of defendant's fuel surcharge policy.

Based on the application of the 180-day rule, plaintiff may contest only those fuel surcharges imposed in invoices it received from DHL between April 13, 2008, 180 days prior to its letter to DHL disputing the fuel surcharge policy, and April 22, 2008, the time at which plaintiff transferred its shipping business to Unishippers.  Plaintiff asserts, and defendants concede, that "several at-issue shipments remain for trial" even in light of

6

the application of the 180-day rule (Item 91, p. 4).

## CONCLUSION

The motion for partial summary judgment (Item 90) is granted.

So ordered.

_____
JOHN T. CURTIN
United States District Judge

Dated:   9/6            , 2012
p:\pending\2008\08-761.aug2212